UNITED STATES DISTRICT COURT
For The Southern District Of New York

| | |
|---|---|
| COUNTER TERRORIST GROUP US, COUNTERR GROUP, *and* J. K. IDEMA,  *Plaintiffs,*  v.  NEW YORK MAGAZINE; NEWYORKMETRO.COM; NEW YORK MAGAZINE HOLDINGS, LLC, LAWRENCE C. BURSTEIN, STACY SULLIVAN; JOSEPH A. CAFASSO; EDWARD A. ARTIS; TRACY PAUL WARRINGTON, TOD ROBBERSON; Both Individually and Severally, and DOES 1 through 7, inclusive,  *Defendants.* | **Plaintiffs' Request for Extension of Time To Serve Summons and Complaint**  Case # 07 CIV 9516  **Assigned Judge: DAB** Honorable Deborah A. Batts |

**MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT**

**NOW COMES,** Plaintiffs, pursuant to Rule 4 Summons (m) of the Federal Rules of Civil Procedure, and hereby requests that this Honorable Court extend the time to serve the summons and complaint in this case for an additional 60 days. This request is based upon the blatant and wrongful evasion of service by each and every defendant in this case (except Warrington) as set forth below.

**FACTS**

1. The Federal Rules of Civil Procedure state the following:

   (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if

>   the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

2. The time to serve the summons and complaint (within 120 days) will expire on midnight October 25th 2008. Plaintiffs require 60 additional days to insure that all summons and complaints have valid service.

3. As a matter of background, plaintiffs knew that service would be extremely difficult in this case. Several defendants, such as Stacy Sullivan, Edward Artis, Tracy Paul Warrington, and Joe Cafasso have gone through extraordinary measures to conceal their whereabouts since the events set forth in the complaint. Some use a variety of alias names, misleading company names, forwarded phone numbers, and other methods of concealment.

4. Plaintiffs have spent more than $6,000 dollars in private investigator fees, process server fees, search fees, and legal fees just to locate these defendants. Just some examples of defendants evasiveness are as follows:

   4.1. Joseph Cafasso uses a Carteret New Jersey address on his own legal complaints, his resume, and his letters, but his family who live with him at that address claim they haven't seen him in years. He uses at least <u>five different alias names</u>, and does not have vehicles, property, or bank accounts in his own name. He impersonates US Army officers, CIA agents, police officers, lawyers, and clergy. He has no known employment, moves around the country frequently, and is amazingly adept at avoiding service or identification. Two different agencies have tried to serve him. Guaranteed Subpoena, New Jersey's most prominent and respected agency has been aggressively trying to serve him and is now preparing affidavits outlining his evasion of service.

   4.2. Edward Artis has his unlisted phone numbers listed under alias names. He has told people in emails that he moved to the Philippines and will not return, even though private investigators finally located him in West Hills, California. When he was served on a previous occasion in another related case, he not only evaded service, but held a knife to avoid service. Two process serving agencies have failed to serve him, two more process servers are currently seeking him at this moment, one of which is reputed to be in the top ten private investigators in the world (John Grogan, PI to the

Stars and former LAPD Detective). The cost outlaid to find and serve Artis now exceeds $2000 and we are hiring more investigators tonight to try and serve him.

4.3. Stacy Sullivan websites and information states she works for an organization in London and works in London. In reality, we only just learned that she works in NYC for a human rights organization. Her address and phone numbers are unlisted. Her own personal website only gives an email address to contact her at. She refused to answer the door at her apartment on one occasion, and the security at her apartment stopped the servers on other occasions. On February 25th she stood behind bulletproof glass and refused service at her office, then ran and hid in a back office. She threw papers back at one server, she instructed her security at her office and apartment to stop anyone and everyone and she verbally assaulted one process server from behind a one inch thick plate glass wall. Two different servers pursued her, one finally served her.

4.4. Tracy-Paul Warrington lists his address as Hawaii, He was finally found in a small town in Texas and successfully served on Saturday February 23rd, 2008. Warrington is the <u>only</u> defendant that did not actively avoid service and did not try to evade the server. He was served by Stephen Koepke at Bexar Professional Civil Process.

4.5. The New York Magazine defendants are, or were, owned by New York Magazine Holdings LLC. The New York State website lists their service address as 444 Madison Avenue. Today it was discovered that the company changed their name just months ago, failed to report their new address with the NY Secretary of State, and still lists an improper address and no registered agent for acceptance of service. In site of this, we did successfully obtain proper service on all of the New York Magazine entities through the Chief Operations Officer.

4.6. Tod Robberson, again, has unlisted phone numbers and addresses. The security at his work place is extensive since 9/11. On three separate occasions process servers were stopped by Dallas Morning New security. The Dallas Morning News Legal Department threatened one process server and refused to allow service. On two occasions he refused to answer his door at home (the address was found by hiring

private detectives).  Out of desperation, one investigator served him at a speaking engagement on Sunday.  The next day we tried to obtain proper service.  We employed five different process server firms, the largest ones in Dallas, only one of which was successful in the end, Arthur Cirillo at ABC Process Servers.

5.  We have obtained successful proper service on the New York Magazine corporate and business defendants, on Defendant Tracy Paul Warrington in Schertz, Texas, on Defendant Stacy Sullivan in New York City, and on Defendant Tod Robberson in Dallas, Texas.  We cannot, at this time tonight, confirm service on Defendant Joseph Cafasso in New Jersey and Defendant Edward Artis in California.

6.  The service of process in this case has been the most time consuming and costly services of my career in law.  The attorneys for plaintiffs and the plaintiffs both request the time for service for all defendants be extended for 60 days so we can serve the remaining defendants and confirm that all defendants have been properly served to avoid time consuming issues for this Court in the future, and additional costs for the plaintiffs who should not continue to be financially burdened by defendants who are obstructive, evasive, and engaging in wrongful acts to subvert justice.

**WHEREFORE,** plaintiffs request this Honorable Court enter an order extending the time to perfect service on any and all defendants for an additional 60 days from today.

Sworn to under oath, this 25th day of February 2008,

_____s/_____
John Edwards Tiffany,
Attorney (JT7322)
*Counsel For Counter Terrorist Group US*
Law Offices of John E. Tiffany P.C.
The Robert Treat Center
50 Park Place, 10th Floor,
Newark, New Jersey 07102
Tel:  (973) 242-3700
Fax: (973) 242-3799
www.JohnTiffanyLaw.com
Email: Jet@Jet4Law.com