Slade R. Metcalf  (SM 8360)
Rachel F. Strom (RS 9666)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel:  (212) 918-3000
Fax:  (212) 918-3100

*Attorneys for Defendants New York Magazine
Holdings, LLC, Newyorkmetro.com, New York
Magazine, Lawrence C. Burstein and Stacy Sullivan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                                 )
COUNTER TERRORIST GROUP US,        )
COUNTERR GROUP, AND J.K. IDEMA,  )
                                                                 )
                            Plaintiffs,                )
                                                                 )
                    v.                                       )    Case No. 07 CIV 9516 (DAB)
                                                                 )
NEW YORK MAGAZINE,                        )
NEWYORKMETRO.COM, NEW YORK  )
MAGAZINE HOLDINGS, LLC, LAWRENCE )
C. BURSTEIN, STACY SULLIVAN, JOSEPH )
A. CAFASSO, EDWARD A. ARTIS, TRACY )
PAUL WARRINGTON, TOD ROBBERSON, )
BOTH INDIVIDUALLY AND SEVERALLY,  )
AND DOES 1 THROUGH 7, INCLUSIVE,    )
                                                                 )
                            Defendants.             )
                                                                 )
_____ )

**OPPOSITION OF DEFENDANTS NEW YORK MAGAZINE HOLDINGS, LLC,
NEWYORKMETRO.COM, NEW YORK MAGAZINE, LAWRENCE C. BURSTEIN
<u>AND STACY SULLIVAN TO PLAINTIFFS' MOTION TO RECONSIDER</u>**

\\\NY - 021239/000009 - 1076649 v1

Defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine, Lawrence C. Burstein and Stacy Sullivan (collectively, "NYM Defendants"), by their undersigned attorneys, hereby specially appear in this action to file their Opposition to the Motion to Reconsider of Plaintiffs Counter Terrorist Group US, Counterr Group and J.K. Idema (collectively, the "Plaintiffs").[1]

## PRELIMINARY STATEMENT

In their Motion to Reconsider, Plaintiffs seek to overturn an order of this Court by claiming that the Court misunderstood their argument on their Motion to Extend the Time to serve the Summons and Complaint here. Plaintiffs claim that despite their initial argument that they needed additional time to serve *all* of the defendants, in fact, they only needed more time to serve *one* of the defendants -- Joseph A. Cafasso. But it's not this Court that misunderstood anything here, it is the *Plaintiffs themselves* that misunderstood basic federal procedural law. Plaintiffs apparently could not accurately count the requisite 120 days under Rule 4(m) of the Federal Rules of Civil Procedure in order to properly serve a defendant. Plaintiffs acknowledge that they filed the Complaint on October 24, 2007 and allege that they served the NYM Defendants only on February 25, 2008. Thus, they were *four days late* in effecting service upon the NYM Defendants. Because they have now acknowledged that they are not seeking an extension of time to serve any defendant other than Mr. Cafasso, they are clearly out of time, and this Court's dismissal of the Complaint for failure to prosecute was entirely correct. Thus, the Motion to Reconsider should be denied in all respects.

---

[1] The facts necessary for the determination of this motion are set forth in the accompanying declaration of Rachel F. Strom ("Strom Decl."), sworn to on the 24th day of March 2008, and the exhibits annexed thereto.

\\\NY - 021239/000009 - 1076649 v1

## FACTUAL BACKGROUND

A.   Untimely Service

On October 24, 2007, Plaintiffs filed their complaint in this action ("Complaint").  Strom Decl. ¶ 2.  The Complaint seeks monetary and injunctive relief for copyright infringement and various state law torts.  (A true and correct copy of the Complaint with the October 24, 2007 date stamp is annexed as Exhibit A to the Strom Decl.)  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), which requires service upon a defendant within 120 days after a complaint has been filed, Plaintiffs had to serve the NYM Defendants on or before Thursday, February 21, 2008.  *Id.* ¶ 2.

On February 25, 2008, the Human Resources and Operations Generalist at *New York* magazine allegedly received by hand a summons and the Complaint, which were made out to named-defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine and Lawrence C. Burstein.  Strom Decl. ¶ 3.  On the same day, a summons and the Complaint was allegedly left for Stacy Sullivan in the lobby of her office building.  *Id.* ¶ 4.  Subsequently, a copy of that summons and the Complaint was allegedly mailed to her office.  *Id.*

B.   Plaintiffs' *Ex Parte* Motions

On February 26, 2008, Plaintiffs filed an *ex parte* Motion to Extend Time to Serve the Summons and Complaint ("Extension Motion"), which was based upon the alleged "blatant evasion of service of each and every defendant in this action (except Warrington) . . . ." Extension Motion at. 1.  (A true and correct copy of the Extension Motion is annexed as Exhibit D to the Strom Decl.)  Plaintiffs, however, allege in the Extension Motion that they properly served all the defendants in this action except Joseph Cafasso and Edward Artis.  Extension Motion ¶ 5.

In an order dated March 7, 2008 (the "Order"), this Court denied the Extension Motion and dismissed the Complaint without prejudice because of Plaintiffs' failure to prosecute. (A true and correct copy of the Order is annexed as Exhibit E to the Strom Decl.)

On March 11, 2008, Plaintiffs filed their Motion to Reconsider, which now alleges that they successfully served all of the defendants in this action, except for Joseph A. Cafasso, between February 23, 2008 and February 25, 2008. Plaintiffs' Motion to Reconsider at 1. (A true and correct copy of the Plaintiffs' Motion to Reconsider is annexed as Exhibit F to the Strom Decl.) Specifically, Plaintiffs affirmatively allege that they served all of the NYM Defendants *on February 25, 2008. Id.* at Exs. A-E.

## ARGUMENT

### I. PLAINTIFFS' MOTION TO RECONSIDER SHOULD BE DENIED BECAUSE IT DOES NOT COMPLY WITH LOCAL RULE 6.3

Plaintiffs' Motion to Reconsider initially should be denied because it completely fails to comply with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules").

Rule 6.3 of the Local Rules ("Rule 6.3") requires that a motion for reconsideration "be served with the notice of motion [and] a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Newman v. RCN Telecom Servs., Inc.*, 448 F. Supp. 2d 556, 557 (S.D.N.Y. 2006) (internal quotation omitted). As this Court noted, "[t]he standard for granting a motion to reconsider 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Sathianathan v. Smith Barney, Inc.*, No. 04 Civ. 7122 (DAB)(FM), 2007 WL 1295737, at *1 (S.D.N.Y. Apr. 25, 2007) (Batts, J.) (quoting *Shrader v. CSC Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Motions for reconsideration, like all motions, must be served with a memorandum of law and may not be made *ex parte* unless there is a "clear and specific showing by affidavit of good cause and sufficient reasons why a procedure other than by notice of motion is necessary . . . ." Rule 6.1(b) and (d) of the Local Rules. Because of the strict requirements for motions for reconsideration, courts routinely deny motions for reconsideration for procedural deficiencies. *See, e.g., Ehrlich v. Inc. Village of Sea Cliff*, No. CV04-4025 (LDW)(AKT), 2007 WL 1593241, at *2 (E.D.N.Y. June 1, 2007) (denying motion for reconsideration because it "does not include a memorandum of law setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"); *Black v. USA Travel Auth., Inc.*, 2001 WL 761070, at *2 (S.D.N.Y. July 6, 2001) (denying motion for reconsideration as procedurally defective and failing on the merits).

Here, Plaintiffs' Motion to Reconsider utterly fails to meet the strict requirements of the Local Rules, and for that reason alone, their Motion should be denied. First, Plaintiffs failed to provide a notice of motion or a memorandum of law as required by Rules 6.3 and 6.1 of the Local Rules. Second, Plaintiffs' Motion to Reconsider does not contain a concise statement setting forth the matters it believes the Court overlooked, as specifically required by Rule 6.3. Indeed, Plaintiffs do not argue that the Court overlooked *anything* in their Extension Motion. Rather, Plaintiffs allege that *they* made an error in their Extension Motion by requesting more time to serve all the defendants in this action, but, in actuality, they only need more time to serve

one defendant. *See* Motion to Reconsider ¶ 1. Third, despite Plaintiffs awareness that the NYM Defendants are being represented by the undersigned counsel,[2] Plaintiffs completely failed to serve the NYM Defendants with any of the papers supporting their Motion to Reconsider. Indeed, Plaintiffs made their Motion to Reconsider *ex parte* without the required affidavit showing why the motion could not be made by notice of motion. *See* Rule 6.1(d) of the Local Rules. Accordingly, this Court should deny Plaintiffs' Motion to Reconsider because it is procedurally defective.

## II.
## THIS COURT CORRECTLY DETERMINED THAT PLAINTIFFS FAILED TO TIMELY SERVE THE NYM DEFENDANTS

Apart from the fact that Plaintiffs' Motion is procedurally defective, this Court should still deny the Motion because Plaintiffs' new allegations that the NYM Defendants were served on February 25, 2008,[3] should not alter this Court's determination that Plaintiffs failed to prosecute this action, because Plaintiffs' alleged service is untimely.

---

[2] Rachel F. Strom, an associate with Hogan & Hartson LLP, counsel for the NYM Defendants, sought to speak with Plaintiffs' counsel to request a brief extension of time to respond to the Complaint. Strom Decl. ¶ 9. She left a voicemail but never spoke with Plaintiffs' counsel *Id.* ¶¶ 9, 11. Had she spoken with Plaintiffs' counsel, she would have requested the adjournment and would have advised Plaintiffs' counsel that the NYM Defendants would not respond to Plaintiffs' discovery demands because they were premature. *See* FRCP Rule 26(d). Had this court not dismissed the Complaint *sua sponte*, the NYM Defendants fully intended to move to dismiss for, *inter alia*, untimeliness. *Id.* ¶ 12.

[3] Defendant Stacy Sullivan denies that she was personally served on February 25, 2008. *See* Motion to Reconsider at Ex. E. A process server did leave a copy of the Summons and Complaint in the lobby of her office on February 25, 2008, and Plaintiffs subsequently mailed a copy of process to Ms. Sullivan, as also alleged in the Motion to Reconsider. *See id.* Under New York law, however, leaving a copy of the summons and complaint with someone at her office would not constitute personal service. *See, e.g., Pearson v. Board of Educ. of City of New York,* No. 02 Civ. 3269 (RCC), 2004 WL 2297354, at *4 (S.D.N.Y. Oct. 12, 2004) (under New York law, "leaving a summons and complaint with an individual's secretary when the individual is not present does not constitute personal service") (citing CPLR § 308). And, service by leaving a copy at a defendant's work and subsequently mailing process is not considered complete until ten days after a proof of service is filed. CPLR § 308. Here, Plaintiffs filed a proof of service on Ms. Sullivan on March 11, 2008. Accordingly, Ms. Sullivan would not have been considered

In the Order, this Court determined that Plaintiffs had failed to timely serve the defendants in this action. Order at 1. This determination was absolutely correct and completely unaffected by the allegations in Plaintiffs' Motion to Reconsider. Indeed, in their Motion to Reconsider, Plaintiffs argue that the Court "incorrectly believed that no defendant in this case had been served." Motion to Reconsider at 1. In their Motion to Reconsider, Plaintiffs admit that in their Extension Motion they *did* request additional time to serve *all* the defendants in this action, but they assert that this was an error because when they filed the Extension Motion on February 26, 2008, one day after they allegedly served all the NYM Defendants, "it was unclear who ha[d] actually been properly served." *Id.* at 2. Now, they argue, in fact, all the NYM Defendants were properly served on February 25, 2008. *Id.* But, that is four days too late.

Pursuant to FRCP 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Further, it is Plaintiffs' burden to prove proper and timely service. *See Pearson,* 2004 WL 2297354, at *4.

Here, Plaintiffs filed their Complaint on October 24, 2007. Strom Decl., Ex. A. Accordingly, Plaintiffs had until Thursday, February 21, 2008, to serve the NYM Defendants, which was more than enough time to properly serve the NYM defendants, all of whom reside in New York.[4] Plaintiffs, however, do not allege that they served any of the NYM Defendants until

---

served until at the earliest March 21, 2008 — one month after the time prescribed by FRCP 4(m). *See, e.g., Pearson,* 2004 WL 2297354, at *3 (citing under FRCP (4)(e) and CPLR § 308).

[4] Plaintiffs allege in their Extension Motion, and reargue in their Motion to Reconsider, that the NYM Defendants attempted to evade service. *See* Extension Motion at 2-4; Motion to Reconsider ¶ 3. These allegations are patently false. Moreover, pursuant to FRCP 4(h) and 4(e)(1), which allows service upon a corporation pursuant to the law of the state where the district court is located, and CPLR 311-a and N.Y. Ltd. Liab. Co. § 303, in order to effectuate service on New York Magazine Holdings, LLC, Plaintiffs simply had to deliver service of process to the New York secretary of state. Service would have been

\\\NY - 021239/000009 - 1076649 v1

February 25, 2008 — *four days late.* (Indeed, Plaintiffs' own affidavits of service affirmatively allege that the NYM Defendants were served on February 25, 2008. *See* Exs. B, C to the Strom Decl.) The law is clear, failure to timely serve a defendant is grounds for dismissal of the complaint. *See, e.g., Hertzner v. U.S. Postal Service*, No. 05-cv-2371 (DRH) (ARL), 2007 WL 869585, at *5 (E.D.N.Y. Mar. 20, 2007) (dismissing complaint because plaintiffs served the summons and complaint outside of the 120-day period prescribed by FRCP 4(m)); *Hairston v. New York State*, No. 05 Civ. 6642 (KMW)(AJP), 2005 WL 3199436, at *1 (S.D.N.Y. Nov. 20, 2005) (dismissing complaint because there was no proof that service was timely made). Accordingly, this Court was correct that Plaintiffs' failure to timely serve the NYM Defendants was sufficient grounds to dismiss the Complaint.

As this Court noted, a motion to reconsider will be denied if any allegedly overlooked facts or case law "would not have influenced the Court's decision." *Wong v. Healthfirst, Inc.*, No. 04 CIV 10061 (DAB), 2007 WL 1295743, at *1 (S.D.N.Y. Apr. 25, 2007); *see also Women's Interart Center, Inc. v. New York City Econ. Dev. Corp.*, No. 03 Civ. 2732 (DAB) (RLE), 2005 WL 1844611, at *2 (S.D.N.Y. Aug. 3, 2005) (denying motion to reconsider because the newly cited testimony did "not alter the Court's [previous] conclusion"). Here, the Court was absolutely correct that Plaintiffs failed to prosecute this action because they failed to timely serve the NYM Defendants or request an extension of time to serve these defendants. Accordingly, Plaintiffs' Motion to Reconsider should be denied.

---

"complete when the secretary of state is so served." *Id.* As such, there is no reason why it took "extraordinary lengths" to serve any of the corporate defendants. *See* Motion to Reconsider at ¶ 3.

- 8 -

## III.
## THE NYM DEFENDANTS DID NOT WAIVE ANY
## RIGHTS IN CONTACTING PLAINTIFFS' COUNSEL

Finally, Plaintiffs allege that the NYM Defendants' "outside counsel has already entered into communications with Plaintiffs' counsel to set a discovery schedule." Motion to Reconsider ¶ 4. This allegation is completely false and, in any event, does not waive NYM Defendants' right to object to Plaintiffs' untimely service. Ms. Strom did leave a voicemail message for Plaintiffs' counsel, and Plaintiffs' counsel left a voicemail message for her, but none of the NYM Defendants' counsel ever spoke to Plaintiffs' counsel. *Id.* ¶ 9-11.

Moreover, NYM Defendants never waived their rights to object to Plaintiffs' untimely service. The law is clear that a defendant only waives its right to object to insufficient process if it does not state its objection in a FRCP 12 motion or in its first responsive pleading. *See Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 101 (S.D.N.Y 1985) (citing FRCP 12(h)) (waiver only occurs by failure to state objection in responsive pleading or motion). Significantly here, a defendant's contact with the Plaintiffs does not "constitute a waiver" of their right to raise objections to service of process. *See I.L.G.W.U. Nat'l Retirement Fund*, 986 F. Supp. 816, 820 (S.D.N.Y. 1997) (defendants' engagement in discovery after a default motion was entered against them did not waive jurisdictional objections because the "Defendants have not appeared before the Court for any conferences, nor have they submitted any previous motions or pleadings. While the defendants have exchanged information with plaintiffs, this has not occurred at the direction or supervision of the Court.")

Here, the NYM Defendants have not filed any responsive pleadings or appeared before the Court for any conferences. Accordingly, the one telephone message of their counsel does not waive their right to object to Plaintiffs' untimely and insufficient service of process.

## **CONCLUSION**

For the foregoing reasons, Defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine, Lawrence C. Burstein and Stacy Sullivan respectfully request that this Court deny Plaintiffs' Motion to Reconsider and grant the NYM Defendants any other relief the Court deems appropriate.

Dated:  New York, New York
        March 24, 2008

                                        Respectfully submitted,

                                        HOGAN & HARTSON LLP

                                        By:  /s/
                                        Slade R. Metcalf  (SM 8360)
                                        Rachel F. Strom (RS 9666)
                                        875 Third Avenue
                                        New York, New York  10022
                                        Tel.  (212) 918-3000
                                        Fac.  (212) 918-3100

                                        *Attorneys for Defendants New York Magazine*
                                        *Holdings, LLC, Newyorkmetro.com, New York*
                                        *Magazine, Lawrence C. Burstein and Stacy*
                                        *Sullivan*

\\\NY - 021239/000009 - 1076649 v1