Slade R. Metcalf (SM 8360)
Rachel F. Strom (RS 9666)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

*Attorneys for Defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine, Lawrence C. Burstein and Stacy Sullivan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| COUNTER TERRORIST GROUP US, COUNTERR GROUP, AND J.K. IDEMA, <br><br>Plaintiffs, <br><br>v. <br><br>NEW YORK MAGAZINE, NEWYORKMETRO.COM, NEW YORK MAGAZINE HOLDINGS, LLC, LAWRENCE C. BURSTEIN, STACY SULLIVAN, JOSEPH A. CAFASSO, EDWARD A. ARTIS, TRACY PAUL WARRINGTON, TOD ROBBERSON, BOTH INDIVIDUALLY AND SEVERALLY, AND DOES 1 THROUGH 7, INCLUSIVE, <br><br>Defendants. | Case No. 07 CIV 9516 (DAB) |

---

**DECLARATION OF RACHEL F. STROM IN SUPPORT OF THE NYM DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER**

I, **RACHEL F. STROM**, declare as follows:

1. I am an associate with the law firm of Hogan & Hartson LLP, counsel for named defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine,

Lawrence C. Burstein and Stacy Sullivan (collectively, "NYM Defendants"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I submit this Declaration in support of the NYM Defendants' Opposition to Plaintiffs' Motion to Reconsider.

2. On October 24, 2007, plaintiffs Counter Terrorist Group US, Counterr Group and J.K. Idema (collectively, "Plaintiffs") filed a complaint (the "Complaint") in this Court, which asserts numerous causes of action against the NYM Defendants and Joseph A. Cafasso, Edward A. Artis, Tracy Paul Warrington, Tod Robberson and Does 1 though 7. (A true and correct copy of the Complaint is annexed hereto as Exhibit "A".) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), which requires service upon a defendant within 120 days after a complaint has been filed, Plaintiffs had to serve the NYM Defendants on or before Thursday, February 21, 2008.

3. I am advised that on February 25, 2008, the Human Resources and Operations Generalist at *New York* magazine received copies of the summons and the Complaint, which were made out to named defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine and Lawrence C. Burstein.

4. I further understand that on February 25, 2008, a summons and the Complaint were left for Stacy Sullivan in the lobby of her office building. Subsequently, a copy of that summons and the Complaint was allegedly sent to her office by mail. An affidavit of service was filed with the Court on March 11, 2008.

5. Annexed hereto as Exhibit "B" and "C" are the affidavits of service relating to the NYM Defendants, which were filed with this Court on March 11, 2008.

6. On February 26, 2008, Plaintiffs filed an *ex parte* Motion to Extend Time to Serve

\\\NY - 021239/000009 - 1077077 v1

the Summons and Complaint ("Extension Motion"). (A true and correct copy of the Extension Motion is annexed hereto as Exhibit "D".)

7. In an order dated March 7, 2008 (the "Order"), this Court denied the Extension Motion and dismissed the Complaint without prejudice. (A true and correct copy of the Order is annexed hereto as Exhibit "E".)

8. On March 11, 2008, Plaintiffs filed their *ex parte* Motion to Reconsider the Order. (A true and correct copy of the Plaintiffs' Motion to Reconsider is annexed hereto as Exhibit "F".)

9. On March 6, 2008, I telephoned Plaintiffs' counsel, John Edwards Tiffany to request a brief extension of time to respond to the Complaint. Mr. Tiffany did not answer the phone, and I left him a voicemail message. Mr. Tiffany never returned my phone call.

10. On March 7, 2008, Plaintiffs' counsel, Vijauant Pawar, left me a voicemail message, but I did not return this message, in large part because I learned that the Court had dismissed the Complaint here.

11. I never spoke to Plaintiffs' counsel. Indeed, as far as I know, none of NYM Defendants' attorneys ever spoke to Plaintiffs' counsel. Plaintiffs' allegation that I discussed a discovery schedule with Plaintiffs' counsel is blatantly false. Indeed, had I spoken with counsel, I would have advised them that the NYM Defendants were not going to respond to the discovery demands, served along with the Complaint, on the grounds that those demands were premature pursuant to FRCP Rule 26(d).

12. If this Court had not dismissed the Complaint *sua sponte,* the NYM Defendants fully intended to move to dismiss the Complaint on several grounds, including Plaintiffs' untimely service, statute of limitations, failure to state a claim, and lack of subject matter

jurisdiction.

    I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct and that this Declaration was executed in New York, New York on March 24, 2008.

                                                                s/ Rachel F. Strom
                                                                **RACHEL F. STROM**

\\\NY - 021239/000009 - 1077077 v1