MILLER KORZENIK SOMMERS LLP
Louise Sommers (LS 2707)
David S. Korzenik (DK 1767)
488 Madison Avenue 11th Floor
New York, New York 10022-5702
(212) 752-9200

Attorneys for Defendant Tracy-Paul Warrington

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
COUNTERTERRORIST GROUP US,                    :
COUNTERR GROUP and J.K. IDEMA,                :
                                    Plaintiffs,       :
                  -against-                           :
                                                      :      No. 07 CV 9516  (DAB)
NEW YORK MAGAZINE; NEWYORKMETRO.COM;   :
NEW YORK MAGAZINE HOLDINGS, LLC,              :      **ECF CASE**
LAWRENCE C. BURSTEIN, STACY SULLIVAN;   :
JOSEPH A. CAFASSO; EDWARD A. ARTIS;           :
TRACY PAUL WARRINGTON, TOD ROBERTSON;   :
Both Individually and Severally,                     :
and DOES 1 through 7, inclusive,                     :
                                    Defendants.       :
--------------------------------------------------------------------X

### OPPOSITION OF DEFENDANT TRACY-PAUL WARRINGTON TO PLAINTIFFS' MOTION FOR RECONSIDERATION

This memorandum is submitted on behalf of Defendant Tracy-Paul Warrington in

opposition to Plaintiff's Motion to Reconsider the Court's Order dated March 7 (entered March

10), 2008 denying Plaintiffs' request for a service extension and dismissing this action. [1]

Plaintiffs' central premise – that the Court was mistaken in dismissing the case because

service on most defendants, including Defendant Warrington, was timely – is false. The 120-day

service period, which has been miscalculated by Plaintiffs, expired two days before they served

---

[1] By this opposition, Defendant Warrington challenges the validity of service on him. He does
not concede, however, that there is any basis for the exercise of personal jurisdiction over him in
this District.  In the unlikely event that this case continues, he intends to challenge personal
jurisdiction on that ground as well.

1

Defendant Warrington. Plaintiffs <u>excluded</u> Defendant Warrington from the basis for their belated extension motion, admitting that he did not try to evade service when he was untimely served. Accordingly, service on Defendant Warrington was unauthorized when made. As Plaintiffs have shown no mistake on which a reconsideration of the Court's dismissal order as against him could be based, their motion should be denied.

## ARGUMENT

### I.  PLAINTIFFS' MOTION SHOULD BE DENIED AS PROCEDURALLY DEFECTIVE

Defendant Warrington joins in Point I of the Opposition to Plaintiffs' motion filed on behalf of Defendants New York Magazine Holdings, LLC, Newyorkmetro.com, New York Magazine, Lawrence C. Burstein and Stacy Sullivan (the "NY Magazine Defendants") insofar as they have shown that Plaintiffs' Motion is procedurally defective and should be dismissed.

### II.     PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE COURT WAS NOT MISTAKEN IN ITS DISMISSAL ORDER

**A.     <u>The Court Did Not Mistake Plaintiffs' Untimely Service</u>**

Plaintiffs falsely represent that Defendant Warrington was timely served within the 120-day period provided by Fed. R. Civ. P. 4(m) for service of the summons and complaint. [2] That period runs from the filing of the complaint, which in this action, occurred on October 24, 2008. A simple calculation of 120 days thereafter results in expiration on midnight of February 21,

---

[2] Fed. R. Civ. P. 4(m) provides

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action...provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

2008 – not on February 25, the date erroneously selected by Plaintiffs.  No extension of the 120-day time period was requested or granted prior to its expiration.

Defendant Warrington was not served in this action until February 23, 2008, after the service period had expired. Plaintiffs' Motion to Reconsider, Ex. F.  His untimely service was not authorized. Indeed, no request for an extension of the service period had been made. Defendant Warrington joins in Point II of the Opposition to Plaintiffs' motion filed on behalf of the NY Magazine Defendants that demonstrates that untimely service is grounds for dismissal, and that reconsideration should be denied where the Court's decision would not be altered. Here, the Court was correct in its order of dismissal. Defendant Warrington was not timely or validly served.

**B.**     **The Court Did Not Mistake Plaintiffs' Lack of Good Cause Shown**

Underlying the Court's dismissal order was Plaintiffs' failure to show, as they must, "good cause" as required by Fed. R. Civ. P. 4 (m) for any underlying extension of service time sought, assuming, *arguendo*, such an extension could be retroactively granted.  See n.1, supra. The Court's order in this regard also was correct as to Defendant Warrington.

Defendant Warrington's conduct was expressly excluded as a basis for Plaintiffs' underlying request for an extension of time.  Plaintiffs' Request for Extension of Time to Serve Summons and Complaint dated March 4, 2008, p. 1 ("This request is based upon the blatant and wrongful evasion of service by each and every defendant in this case *(except Warrington)*..." [emphasis supplied]). Plaintiffs admitted that Defendant Warrington "did not...avoid service and did not try to evade the server" (Id. p. 3) when he was untimely served.  Indeed, this occurred at Defendant's home in Texas, where he has lived for several years. Plaintiffs did not, and could not, offer any "good cause" for an extension as to him to support their underlying motion.

Accordingly, the Court's dismissal order correctly rejected Plaintiffs' belated request for an extension as to Defendant Warrington.

## **CONCLUSION**

As to Defendant Warrington, then, Plaintiffs cannot show, as they must, that the Court was mistaken in its Order dismissing the case. For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's dismissal order should be denied.


New York, New York                         MILLER KORZENIK SOMMERS LLP
March 24, 2008

                                           By     *s/Louise Sommers*
                                           Louise Sommers (LS2707)
                                           David S. Korzenik (DK 1767)

                                           488 Madison Avenue 11th Floor
                                           New York, New York 10022-5702
                                           212-750-0005
                                           lsommers@mkslex.com
                                           dkorzenik@mkslex.com

                                           Attorneys for Defendant Tracy-Paul Warrington