# UNITED STATES DISTRICT COURT
## For The Southern District Of New York

|  |  |
|---|---|
| COUNTER TERRORIST GROUP US,<br>COUNTERR GROUP, *and* J. K. IDEMA,<br>        *Plaintiffs,*<br><br>   **v.**<br><br>NEW YORK MAGAZINE;<br>NEWYORKMETRO.COM;<br>NEW YORK MAGAZINE HOLDINGS, LLC**,**<br>LAWRENCE C. BURSTEIN, *et al,*<br>        *Defendants.* | ECF Case<br><br><br>Case # 07 CIV 9516 (DAB)<br><br>**Assigned Judge:**<br>Honorable Deborah A. Batts |

### AFFIDAVIT OF ATTORNEY JOHN EDWARDS TIFFANY

I, John Edwards Tiffany, hereby make the following declaration with respect to the above-captioned matter, and state as follows:

1.  My name is John Edwards Tiffany, I am attorney licensed to practice law before the federal courts in New York, New Jersey, Philadelphia, PA, Baltimore MD, and Washington DC.  I am a sole practitioner with offices in New York and New Jersey.

2.  On March 20, 2008, I left for vacation to the Dominican Republic with my family.  When our plane took off on March 20, 2008, I had still not received any formal notification from Ms. Strom or the SDNY ECF desk indicating there was any status change in plaintiffs' motion to reconsider, any opposition filed, or any notice of appearance entered by anyone other than Vijyant Pawar and myself.  Four days later defendants filed their oppositions.

3.  Prior to leaving for the Dominican Republic, I was assured by AT&T that my Blackberry phone and email would work there.  When I arrived, I discovered that it would not.  The location I was at was specifically designed to take a person away from the daily stress of phones, faxes, and normal every day existence in New York City.  The vacation was a surprise gift from my family, and I had only one day prior notice.

4.   Once defendants' opposition was filed, Jack Idema and Thomas Bumback were in a frantic effort to reach me.  On or about March 28, 2008, I called the states from a payphone and found out what was going on with the case.  I was unable to reach Mr. Pawar to request his assistance.  The last three days of the vacation became a nightmare trying to draft and orchestrate the filing of a reply.

5.   I returned to New York on the evening of March 31, 2008.  Now even more exhausted and stressed, I realized there was no way I was going to get back to my office in New Jersey, finish and file the reply before midnight.  Before leaving the Dominican Republic, I called my assistant and requested she ECF file the draft reply as it was, mistakes, personal reminders to myself in the body of the reply, spelling errors, half completed sentences, and all.  Considering the way time deadlines have been going for Plaintiffs so far in this case, I didn't see there was much to lose at that point and needed to have at least half completed argument on the record.

6.   My assistant logged onto the ECF system before midnight on March 31, 2008, in time to file the reply within five business days The ECF system notes the login in before midnight on March 31 (Exhibit 1).  Her unfamiliarity with ECF and problems uploading the document caused her to call me and I assisted her over the phone.  In spite of our best efforts, the document was ECF stamped two minutes late (ECF Notice - Exhibit 2).

7.   The following day, on April 1, 2008, I underwent a stress test at NYU Medical Center consequent to heart-related health concerns.  After electrocardiograms, stress testing, and other procedures, I left the hospital around 5 p.m. wearing a heart monitor.  I am required to wear the monitor for a period of 24 hours, and am required to return to NYU Medical Center tomorrow on April 2, 2008 to undergo additional treatment and turn in the device so that the internal data may be analyzed.

8.   I have been directly involved in this case since the summer of 2004 when Stacy Sullivan first began researching her article in New York Magazine.  The case has been stressful from day one.  I have not been in the case for the money, but because I truly

believe in the case and I personally know of the great injustice these Defendants foisted upon Mr. Idema for less than honorable reasons.

9. I filed the Complaint on October 24, 2005 one day before the statute of limitations ran out because we were still waiting for the physical registration certificates to arrive from the US Copyright Office in Washington, DC.

10. On January 20, 2008 I sent copies of all summonses and complaints in this action to Brooke Murphy with a letter directing him to find and locate the remaining un-located defendants and effect service on all defendants within 30 days (a copy of that letter is attached hereto as Exhibit 3).

11. In repeated phone conversations with Mr. Murphy I stressed the importance of finding all of the defendants and serving them all forthwith but at the same time if possible.

12. When Mr. Murphy informed me he had served Stacy Sullivan, Lawrence Burstein, and the New York Magazine defendants personally, I directed him to also mail a copy to their addresses even though personal service did not require this.  Sullivan was personally served in <u>her</u> office, on the 34th Floor— not in the scenario Ms. Strom states she "understand[s]." The mailing was done as an extra un-needed step in the process only as a precaution and courtesy.

13. When Mr. Murphy later discovered that there was no Kathryn Harrison or Kit Harrison listed at New York Magazine my office contacted Kit Taylor two days later and asked her if she was accepting service of the summons and complaint.  Ms. Taylor stated that Ms. Gottschalk was authorized to accept service as their attorney, and that they had copies of the complaint several months before. She agreed to send back a confirming email to my law offices and gave us her direct email address.  My law office sent an email on February 27, 2008 confirming this and copied me (attached hereto as Exhibit 4). Ms. Taylor never replied in spite of assuring us that she would.  A second email was sent later, at 4:55 p.m. that day, requesting objections to the proposed text of Plaintiffs' motion attached hereto as Exhibit 4a.  The New York Magazine Defendants were clearly

advised in advance of the contents of Plaintiffs motion, even though neither they nor any attorney on their behalf had appeared in the case.

14. We were forced to hire five different process servers in Dallas to serve Mr. Robberson because no one could get through the Dallas Morning News security to serve him and when he house was finally located by a private detective, he refused to answer the door—although his lawyer took exception to the fact that the licensed process server was looking in the windows because the server believed someone was there although they would not answer the door. Finally, we found out he was speaking at a men's club breakfast that coming Sunday (Intel report – Exhibit 5). Another licensed process server served him there after buying a ticket to the speech. I directed that server to be courteous, and take him aside either before or after and ask him to accept service which he did. Fourteen days later I received a letter in the mail from Robberson's attorney, claiming that we served Robberson "inside a synagogue during services" (letter from Jason P. Reinsch – Exhibit 6). Upon information and belief, Robberson holds Saturday as the Sabbath, and we know for a fact that services were conducted at Beth Torah on Saturday, not during Robberson's foreign affairs speech to a men's club the following day. Once again, defendants and their attorneys were distorting the facts to evade service.

15. On March 6, 2008, a person purporting to be Rachel Strom contacted my office and stated she wanted to discuss discovery and deadlines to answer. Although I was in court that day, I sent an email to attorney Vijyant Pawar and Jack Idema telling them this and giving her name, number, and firm in the email. A true and correct copy of that email communication is attached hereto as Exhibit 7. Ms. Strom's accusations in her affidavit are patently false.

16. I personally never heard from Ms. Strom again (I did not see Ms. Strom's March 14, 2008 letter to the Court until received from co-counsel today). Considering the fact that I had several calls from people purporting to be attorneys in the case, the fact that one defendant, Joseph Cafasso, has frequently impersonated both attorneys and judges in the past, and taking into account the extensive use of alias names and false

identities in this case, and now knowing that Jocelyn Gottschalk impersonated an attorney at the New Magazine office, and never receiving any letter, facsimile, or email from Ms. Strom (although my complete contact information is listed on the Complaint and on my website), I had no reason to be overly concerned that she might eventually be formally representing anyone.

The foregoing facts are of my own personal knowledge and I could competently testify to them. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of April 2008.

John Edwards Tiffany
New York, New York

**Exhibits Attached to Affidavit**

Exhibit 1      ECF system login in before midnight on March 31, 2008

Exhibit 2      ECF Notice stamped two minutes late on April 1, 2008

Exhibit 3      January 20, 2008 Letter to Brooke Murphy

Exhibit 4      February 27, 2008 email to Ms. Kit Taylor at New York Magazine

Exhibit 4a     February 27, 2008 second email to Ms. Taylor advising of Motion filing

Exhibit 5      Process Server Intel report for Mr. Tod Robberson

Exhibit 6      Letter from Robberson counsel Jason P. Reinsch

Exhibit 7      March 6, 2008 email describing communication
               From New York Magazine counsel Rachel Strom

**Exhibit 1**



**U.S. District Court**
**United States District Court for the Southern District of New York**
**Official Court Electronic Document Filing System**

---

**Latest CM/ECF Installation is "Version 3.1.1"**

---

**Important Note** - "It remains the duty of the attorney for a party to review regularly the docket sheet of the case" (SDNY ECF Procedure #9).

Review docket reports using the PACER public access system (pacer.psc.uscourts.gov) or one of the public computer terminals in the Clerk's Office in Manhattan or White Plains.

Stay informed of ECF related news, including reports of technical difficulties, helpful filing hints and training opportunities, by subscribing to our Point of Contact (POC) email mailing list on the CM/ECF page at www.nysd.uscourts.gov.

---

*This facility is for Official Court Business only. Activity to and from this site is logged. Document filings on this system are subject to Federal Rule of Civil Procedure 11. Evidence of unauthorized or criminal activity will be forwarded to the appropriate law enforcement officials.*

---

Welcome to the U.S. District Court for the United States District Court for the Southern District of New York Electronic Document Filing System. This page is for use by attorneys and firms participating in the electronic filing system. The most recent version of the Netscape browser and the Adobe PDF reader can be obtained by selecting the *Netscape/PDF Settings* option listed below.

---

Netscape/PDF Settings

Last login: 03-31-2008 23:58

1May2007

---

**NOTICE:** An access fee of $.08 per page, as approved by the Judicial Conference of the United States, will be assessed for access to this service. For more information about CM/ECF, click here or contact the PACER Service Center at (800) 676-6856.

**Exhibit 2**

**U.S. District Court**
**United States District Court for the Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Tiffany, John on 4/1/2008 at 0:02 AM EDT and filed on 4/1/2008

| | |
|---|---|
| **Case Name:** | Counter Terrorist Group US et al v. New York Magazine et al |
| **Case Number:** | 1:07-cv-9516 |
| **Filer:** | J.K. Idema |
| | Counterr Group |
| | Counter Terrorist Group US |

**WARNING: CASE CLOSED on 03/07/2008**
**Document Number:** 23

**Docket Text:**
**FIRST REPLY MEMORANDUM OF LAW in Support re: [16] EX PARTE MOTION for Reconsideration re; [5] Order on Motion for Extension of Time, *With Exhibits*.EX PARTE MOTION to Reopen Case.EX PARTE MOTION for Reconsideration re; [5] Order on Motion for Extension of Time, *With Exhibits*.. Document filed by Counter Terrorist Group US, Counterr Group, J.K. Idema. (Tiffany, John)**

**1:07-cv-9516 Notice has been electronically mailed to:**

Slade R. Metcalf    srmetcalf@hhlaw.com, gcgove@hhlaw.com, mferrara@hhlaw.com

Louise Sommers    lsommers@mkslex.com

Rachel Fan Stern Strom    rfstrom@hhlaw.com

John Edwards Tiffany    jet4444@verizon.net

**1:07-cv-9516 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/1/2008] [FileNumber=4430292-0]
[1f83592e80fee5541240abafa7ae4f4e1b6375b7f7cd158fe07f695d43131b7bfc38
7793954bcb96dedf45b78fa688e043d913f2fa74057117843848f4ed9247]]

**Exhibit 3**

**Law Offices of John E. Tiffany P.C.**
The Robert Treat Center
50 Park Place, 10th Floor, Newark, New Jersey 07102
Tel: 973.242-3700 ● Fax: 973.242-3799

Mr. Brooke Murphy                                     January 20, 2008
Murphy & Associates
PO Box  88
Little Falls, New Jersey 07424

Reference:   *Idema, et al  v. New York Magazine., et al,* civil litigation
Subject:       Service of Summons and Complaints on all defendants
Case #:        07 CIV 9516  US Federal Court Southern District of New York

Dear Brooke:

     Please find enclosed all summonses and complaints for service on the defendants in this case.  This case has been pending for almost three months now.  We have 120 days from the day of filing to serve.

     Brooke, I want to stress that it is imperative that these people are served as soon as you can locate all of them.  If one is served without the others they will evade, of that you can be sure.  You need to find all of them, confirm their locations, and have them all served at the same time.

     Hire any and all investigators and process servers you need.  Either bill my firm as normal, or if needed, charge the fees to the following credit card:

     ███████████(Exactly the way the name appears on the card)
     ████████████████████
     ███████████████

     Expiration Date: ██████
     Issued by██████████████████

     I have attached backgrounds on those defendants which we had done.  You can contact Jack at ██████████ if you need further information on a defendant or additional photographs of a defendant.

     Sincerely,

     John Edwards Tiffany
     Attorney


     20 enclosures

**Exhibit 4**

**From:**      <parajet@jet4law.com>
**To:**        <kit_taylor@nymag.com>
**Cc:**        <NYMagCase@jet4law.com>
**Sent:**      Wednesday, February 27, 2008 2:03 PM
**Attach:**    JET Law contactsheet.pdf
**Subject:**   Service of Summons, Complaint, and Discovery

Dear Ms. Taylor,

As stated we will be asking the Court for certain relief based on the evasive and obstructive acts of certain individual defendants.

It is our understanding that NY Magazine, New York Metro.com, New York Magazine Holdings LLC, and Lawrence C. Burstein have voluntarily accepted service by our process server, and that Ms. Gottshalk had these defendants' authorization to accept service upon their behalf.

If this is our understanding we will not be seeking any relief in the federal court today related to the four NY Magazine defendants.  Further that I hope this case can handled amicably between these defendants and our firms.

I have enclosed a contact sheet for my firm for future reference.

Sincerely,
John Edwards Tiffany
Attorney

**Exhibit 4a**

**From:** <parajet@jet4law.com>
**To:** <kit_taylor@nymag.com>
**Cc:** <NYMagCase@jet4law.com>
**Sent:** Wednesday, February 27, 2008 4:55 PM
**Subject:** Evasion of service - Draft Text for Federal Court filing

Dear Ms. Taylor,  We did not receive a reply to our email earlier today.  Unfortunately we need to file our pleadings at this point and include the NY Magazine defendants.  The following statement will be included.  If you disagree with this version please advise me immediately and we can discuss it.  Otherwise it will stand as is and we will prepare the affidavits supporting our contentions against NY Magazine.

Sincerely,
John Edwards Tiffany
Attorney

-------------------------------------------proposed text----------------------

### THE NEW YORK MAGAZINE DEFENDANTS

16.    New York Magazine, NewYorkMetro.com, New York Magazine Holdings, LLC (now succeeded by New York Media Holdings LLC), and Lawrence C. Burstein, were served at 75 Varrick Street, New York, NY.  The server, while the undersigned counsel waited outside the office, requested to see Lawrence Burstein. After being buzzed inside through a large security barrier to the offices, the male guard inside used the telephone to call Lawrence Burstein.  Ms. Jocelyn Gottschalk, an attorney and assistant to Chief Operations Officer Kathryn "Kit" Taylor, appeared on behalf of COO Taylor.  She stated she the COO had directed Ms. Gottschalk to accept service, and stated she was accepting service on behalf of all four of these defendants.  She further stated that she was the person duly authorized to accept service.  She was served with four summonses and complaints for the four defendants.  She was amicable and cooperative and requested the process server provide her with a copy of his license which he did.  Ms. Gottschalk also acknowledged that they had been fore-warned and already had a copy of the compliant.  However, we have reason to believe a planned deception occurred at the NY Magazine corporate offices.  Upon information and belief, based on a source plaintiffs spoke to yesterday, it is plaintiffs' belief that these defendants had someone other than the actual corporate officer physically accept the documents and based on this deception will attempt to argue that this employee did not really have authority to accept service.

17. On February 27, 2008, my contacted Ms. Taylor and requested she confirm the details above and acknowledge personal service.  Ms. Taylor did acknowledge service and stated that she had authorized Ms. Gottschalk to accept service for the four defendants. As per the agreement earlier today, an email was sent to Ms. Taylor (kit_taylor@nymag.com) to which she agreed to reply and confirm this so that we could delete our request for an extension of service upon the four NY Magazine defendants (a copy of that email is attached hereto as

Exhibit D).   After repeated calls to her office went unanswered and the close of business approached, plaintiffs re-included the NY Magazine defendants in this request for an extension of time to serve.   For this reason, plaintiffs are requesting an extension of 30 days to re-serve these four defendants.   Plaintiffs are also requesting costs be accessed for legal and service fees against the New York Magazine defendants for obstruction and evasion.

**Exhibit 5**

**20 FEB 2008**

**REFERENCE: TOD ROBBERSON SERVICE**

John,

We cannot locate any home address for Tod Robberson. We have tried to serve him twice at the Dallas Morning News which is harder than breaking into Fort Knox.

We either need a private detective to find his home address. Or we need a court order to force Dallas Morning News to let us see him.

The only other address we can find for Robberson is his PO Box and I suggest parking a PI outside everyday until he gets the mail if this could be his personal mail box.

> PO Box 5237
> Dallas, TX 75265-5237
> (214) 977-8222

There is one other option. Jack found the below event on a Texas website. Robberson is giving a speech at a Men's Club this coming weekend. This is at a breakfast meeting next Sunday morning. At least this is the first time we know where the SOB is.

-------------------------------------------------------------------------------------------------------------

**DMN's Tod Robberson at Beth Torah**

Tod Robberson, veteran foreign correspondent and currently an editorial columnist for the Dallas Morning News, will be the guest speaker at Beth Torah Men's Club monthly breakfast on Sunday, Feb. 24.

Robberson served more than two decades as a foreign correspondent for Reuters news agency, the Washington Post and the Dallas Morning News. At various times he was based in Lebanon, Colombia, Panama, England and Washington, D.C.



As part of his coverage of the Middle East, Europe and Latin America, he has focused in recent years on the Arab-Israeli conflict and the wars in Iraq and Afghanistan. Tod currently is a member of the DMN editorial board, helping formulate the newspaper's positions and writing editorials and columns on international issues.

Tod Robberson will speak at Beth Torah on Feb. 24

The breakfast begins at 9 a.m. at Beth Torah, 720 West Lookout Drive in Richardson. It is open to the public and costs $7 for members, $10 for non-members. For more information, call the synagogue at 972-234-1542.

**Exhibit 6**



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Jason P. Reinsch
(214) 953-5914 (Direct Dial)
(214) 661-6863 (Direct Fax)
jreinsch@jw.com

February 26, 2008

Vijayant Pawar, Esq.
35 Airport Road, Suite 330
Morristown, NJ 07960

*Via facsimile at (973) 215-2882
and First Class Mail*

John E. Tiffany, Esq.
Law Offices of John E. Tiffany P.C.
50 Park Place, 10th Floor
Newark, NJ 07102

*Via facsimile at (973) 242-3799
and First Class Mai*

Re:   *Counter Terrorist Group US, et al. v. New York Magazine, et al.*; Cause No. 07
CIV 9516, in the United States District Court for the Southern District of New
York.

Gentlemen:

My firm has been retained to represent Mr. Tod Robberson in the above-referenced action.

Mr. Robberson has personally received on multiple occasions, including inside a synagogue during services, several sets of identical papers that purportedly relate to this action. While I have not had an opportunity to review those documents, I presume that they are an attempt at service of process on Mr. Robberson.

Please contact me at your earliest opportunity at the above-listed contact information so that we may discuss making arrangements for my firm to accept service on behalf of Mr. Robberson. We will discuss waiving service pursuant to FED. R. CIV. P. 4. However, to the extent that Mr. Robberson agrees, such a waiver should not to be construed as a waiver of any other rights pursuant to the Rules or at law, or an acknowledgement of personal jurisdiction over Mr. Robberson.

Further, please cease all further attempts to serve any documents on Mr. Robberson. I understand that a representative of your clients has recently made multiple visits to Mr. Robberson's home after hours, and was recently seen peering through this residence's window well into the evening. Such threatening and harassing activities are inappropriate and will not be tolerated.

February 26, 2008
Page 2

I look forward to speaking with you about these issues.

Very truly yours,

Jason P. Reinsch

JPR:jpr

5037528v.1

**Exhibit 7**

----- Original Message -----
From: <jet4444@verizon.net>
To: ███████████████████████████████; "Vijayant
Pawar" <vpawar@pawarlaw.com>
Sent: Thursday, March 06, 2008 5:58 PM
Subject: NY Magazine Lawyer


Rachel Strom, Esq
212-918-3630
Hogan & Hartzen

Wants to talk about discovery and deadlines.  Jet


Sent via BlackBerry by AT&T